## KELLOGG TOASTED CORN FLAKE CO. v. BUCK.

### (District Court, S. D. California, S. D. September 2, 1913.)

### No. 205, Civil.

CONTRACTS (§ 116*)—MONOPOLIES (§ 17*)—PATENTED ARTICLES—SALE—PRICE RESTRICTIONS.

    Where a patented article has passed into the channels of trade and reached a retail dealer, the manufacturing patentee is not entitled to enforce a price restriction agreement for the purpose of preventing competition as against such retailer; such restriction being void both at common law and under Act Cong. July 2, 1890, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200), prohibiting monopolies, etc.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 542-552; Dec. Dig. § 116;* Monopolies, Cent. Dig. § 13; Dec. Dig. § 17.*]

In Equity. Suit by the Kellogg Toasted Corn Flake Company, a corporation, against W. A. Buck. On motion to dismiss. Granted.

Henry J. Brodsky, of San Francisco, Cal., and Loeb & Loeb, of Los Angeles, Cal., for plaintiff.

Hiatt & Selby, of Los Angeles, Cal., for defendant.

WELLBORN, District Judge. I am of opinion that the restrictions here sought to be enforced are invalid, both at common law and under Act Cong. July 2, 1890, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200). The case made by the bill falls within Dr. Miles Medical

Co. v. Park & Sons Co., 220 U. S. 373, 408, 31 Sup. Ct. 376, 385 (55 L. Ed. 502), wherein the court declares broadly, underscoring mine: .

"The complainant's plan falls within the principle which condemns contracts of this class. It, in effect, creates a combination for the prohibited purposes. * * * And where commodities have passed into the channels of trade and are owned by dealers, the validity of agreements to prevent competition and to maintain prices is not to be determined by the circumstance whether they were produced by several manufacturers or by one, or whether they were previously owned by one or by many. *The complainant having sold its product at prices satisfactory to itself, the public is entitled to whatever advantage may be derived from competition in the subsequent traffic.*"

The recent case of Bauer & Cie v. O'Donnell, 229 U. S. 1, 33 Sup. Ct. 616, 57 L. Ed. 1041, decided May 26, 1913, which is the latest one called to my attention, construes the former case thus:

"The question, therefore, now before this court for judicial determination, is: May a patentee by notice limit the price at which future retail sales of the patented article may be made, such article being in the hands of a retailer by purchase from a jobber, who has paid to the agent of the patentee the full price asked for the article sold? The object of the notice is said to be to effectually maintain prices and to prevent ruinous competition by the cutting of prices in sales of the patented article. That such purpose could not be accomplished by agreements concerning articles not protected by the patent monopoly was settled by this court in the case of Dr. Miles Medical Co. v. John D. Park & Sons Co., 220 U. S. 373 [31 Sup. Ct. 376, 55 L. Ed. 502], in which it was held that an attempt to thus fix the price of an article of general use would be against public policy and void."

Since both of these decisions are by the Supreme Court of the United States, and, of course, authoritative here, it is unnecessary to review the large number of other cases, both state and federal, bearing upon the question.

Said motion will be allowed,